### Cliff Polley v. The State.

#### No. 7979. Decided January 9, 1924.

**Murder—Charge of Court—Statement of Facts.**

In the absence of a statement of facts, a complaint to the charge of the Court on self-defense cannot be appraised; however, it appearing that in refusing the requested charges the judge's qualification that the main charge conformed to the issues presented in the requested charges which is borne out by the record, there is no reversible error.

Appeal from the District Court of Shelby. Tried below before the Honorable Chas. L. Brachfield.

Appeal from a conviction of murder; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, Judge.—Conviction is for murder with punishment assessed at confinement in the penitentiary for twelve years.

There is no statement of facts in the record and for that reason we find ourselves unable to appraise the only bill of exception presented. The court charged on murder, manslaughter, and self-defense. We presume from the charge on self-defense that the issue arose whether after the shooting commenced deceased abandoned the difficulty and that appellant continued to fire after it was apparent to him that he was in no further danger from deceased. This issue was also submitted not only in the main charge of the court, but in special charges which were requested and given. The only bill of exception relates to the refusal to give certain other special charges. The learned trial judge qualifies it by stating that changes were made in his main charge to make it conform to the issues presented in the special charges and also that certain other special charges were given covering the same matters. We find this borne out by an examination of the record. By the main charge and the special charges given the court appears to have covered almost every imaginable phase of a case that could have been raised by the evidence and in the absence of a statement of facts we are totally unable to appraise the value of the complaint based on the failure to give certain of appellant's requested instructions.

Being unable to determine from the record that error was committed we must presume to the contrary, and the judgment is affirmed.

*Affirmed.*